### Fred MISCIMARRA, Plaintiff–Appellant,

v.

### HOME DEPOT U.S.A., INC., Defendant–Appellee.

No. 04–17021.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 15, 2006.

Filed Dec. 4, 2006.

Cliff W. Marcek, Cliff W. Marcek, P.C., Las Vegas, NV, for Plaintiff–Appellant.

Elayna J. Youchah, Esq., Schreck Brignone Godfrey, Las Vegas, NV, Michael J. Sexton, Esq., Andrew J. Jaramillo, Esq., Sean T. Nguyen, Esq., Payne & Fears, LLP, Irvine, CA, for Defendant–Appellee.

Before: CANBY, NOONAN, and PAEZ, Circuit Judges.

#### MEMORANDUM *

Fred Miscimarra appeals the district court's grant of summary judgment in fa-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

vor of his former employer, Home Depot U.S.A., Inc., on his claims of sexual harassment and retaliation in violation of Title VII. We have jurisdiction under 28 U.S.C. § 1291, and review de novo the district court's grant of summary judgment. *See Porter v. California Dep't of Corr.*, 419 F.3d 885, 891 (9th Cir.2005). We must view the evidence in the light most favorable to Miscimarra, making all reasonable inferences in his favor. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir.2002). We conclude that there is a genuine issue of material fact and reverse the grant of summary judgment as to Miscimarra's sexual harassment claim. We affirm the district court's grant of summary judgment as to Miscimarra's retaliation claim.

### I.

To establish the existence of a hostile work environment, a plaintiff must show that "(1) [he] was subjected to verbal or physical conduct of a sexual nature; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive work environment." *Porter*, 419 F.3d at 892 (citing *Vasquez v. County of Los Angeles*, 349 F.3d 634, 642 (9th Cir.2003)). "The third element requires [the court] to consider the totality of the circumstances and whether the harassment was both objectively and subjectively abusive." *Freitag v. Ayers*, 468 F.3d 528, 539 (9th Cir.2006) (citing *Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 966 (9th Cir.2002)). This includes consideration of the "frequency of discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Nichols v. Azteca Rest. Enters., Inc.*, 256 F.3d 864, 872 (9th Cir.2001) (quoting *Harris v. Forklift Sys., Inc.*, 510

U.S. 17, 23, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)).

There is no dispute that the conduct at issue here was both of a sexual nature and unwelcome. We conclude that Miscimarra has presented sufficient evidence to establish a genuine issue of material fact whether his supervisor's conduct was sufficiently severe or pervasive to alter the conditions of his employment and create an abusive work environment. We therefore reverse and remand this claim for further proceedings.

### II.

There is no dispute that Miscimarra established his prima facie case of retaliation: (1) he had engaged in a protected activity; (2) he was thereafter subjected by his employer to an adverse employment action; and (3) a causal link existed between the protected activity and the adverse employment action. *See Porter*, 419 F.3d at 894 (citing *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir.2000)); *see also Ray*, 217 F.3d at 1240 n. 3 ("Making an informal complaint to a supervisor is also a protected activity."); *Villiarimo*, 281 F.3d at 1065 ("[I]n some cases, causation can be inferred from timing alone where an adverse employment action follows on the heels of protected activity." (citation omitted)). Home Depot, in turn, met its burden of producing a legitimate non-discriminatory reason for terminating Miscimarra: It determined that a reduction-in-force was warranted due to lower-than-expected sales and selected Miscimarra for termination because he had the least hardware experience in the department and may have had some performance issues. Although Miscimarra has produced some evidence suggesting that Home Depot's stated reasons were pretextual, we hold that no reasonable trier of fact could conclude that Home Depot retaliated against Miscimarra for complaining about sexual

harassment. There was no evidence that the Home Depot decision-maker who selected Miscimarra for the reduction-in-force was aware of Miscimarra's complaint. We therefore affirm the district court's grant of summary judgment as to this claim.

AFFIRMED in part, REVERSED in part, and REMANDED. The parties shall bear their own costs on appeal.

NOONAN, Circuit Judge, concurring and dissenting.

I concur in the court's holding as to retaliation. I dissent as to the sexual harassment claim. If anyone was to be sued, it was the plaintiff's immediate boss, not the employer with the deep pocket.